**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 04-951-PHX-DGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Jaod Dodds, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On March 15, 2006, the Court held a competency hearing pursuant to 18 U.S.C. § 4241(c).  The purpose of the hearing was to determine whether Defendant is competent to stand trial.  The Court heard testimony from Dr. Susan Parrish, a psychologist retained by Defendant.  The Court also has considered reports from Dr. Parrish dated September 24, 2004, and March 14, 2006; a Certificate of Restoration of Competency to Stand Trial, dated May 29, 2005, signed by the Warden of the Federal Correctional Complex at Butner, North Carolina; and a 56-page Forensic Evaluation by Drs. Robert Lucking and Eugene Gourley at the Butner Facility.  For the reasons set forth below, the Court concludes that Defendant Dodds is not competent to stand trial.

**I.    LEGAL STANDARD.**

In deciding whether Defendant is incompetent to stand trial, the Court must determine whether "he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" 18 U.S.C. § 4241(d).  In making this determination, the Court must apply a preponderance of the evidence standard. *Id.*  The

1   Ninth Circuit has held that "[t]he government has the burden of demonstrating by a

2   preponderance of the evidence that the defendant is competent to stand trial." *United States*

3   *v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).[1]

4   **II.      FACTUAL DETERMINATIONS**.

5         Dr. Parrish testified that she examined Mr. Dodds in 2002, 2004, and briefly before

6   the Court's hearing.  Dr. Parrish administered a series of tests to Mr. Dodds in 2002 that

7   revealed an IQ of approximately 62, substantially lower than the IQ of 114 that Mr. Dodds

8   displayed at the age of 11.  (Mr. Dodds is now 33 years old.)  Dr. Parrish attributed the drop

9   in IQ to a head injury Mr. Dodds suffered in a 2001 motorcycle accident.

10        In addition to the low IQ score, Dr. Parrish's tests revealed sensory-perceptual

11  functions comparable to those measured in a group of brain damaged individuals, motor

12  functions worse than brain damaged individuals, and higher level brain functions in the

13  moderately to severely impaired range.  Dr. Parrish's tests further revealed memory scores

14  in the moderately impaired range, localization scores in the severely impaired range, and

15  reading and arithmetic scores of a second-grade level.  Dr. Parrish diagnosed Mr. Dodds as

16  suffering dementia caused by his 2001 head injury.  Dr. Parrish opined that Mr. Dodds is not

17  competent to stand trial.  She concluded that he is not competent to understand court

18  proceedings or to assist defense counsel.  In her 2004 report, Dr. Parrish concluded that it is

19

20  _____

21        [1] There is a split of authority on whether the government or the defendant bears the
    burden of proof on this issue.  The Ninth Circuit is one of a number of federal courts that
22  have placed the burden on the government.  *See United States v. Nichols*, 56 F.3d 403, 410
    (2nd Cir. 1995) (collecting cases).  At least one circuit has held that the burden rests on the
23  defendant.  *See United States v. Robinson*, 404 F.3d 850, 856 (4th Cir. 2005).  The Supreme
    Court has stated in *dictum* that "Congress has directed that the accused in a federal
24  prosecution must prove incompetence by a preponderance of the evidence."  *Cooper v.
    Oklahoma*, 517 U.S. 360, 362 (1996).  This statement, however, was made in passing,
25  without analysis of § 4241(d), and in an opinion where the Supreme Court noted without
    objection that numerous states place the burden on the prosecution.  *Id*. at 361-62.  Because
26  the Supreme Court's statement is *dictum*, this Court feels bound to follow the Ninth Circuit
27  rule.
28

1    highly unlikely that any attempt to restore Mr. Dodds to competency will succeed. The Court
2    finds Dr. Parrish's testimony to be credible.

3        The Court has read the detailed, 56-page report from Drs. Lucking and Gourley. The
4    report recounts observations and tests of Mr. Dodds over a four-month period. In addition
5    to testing and observing Mr. Dodds in the facility, Drs. Lucking and Gourley monitored his
6    telephone calls with family and friends and observed his interaction with inmates.

7        Mr. Dodds' performance on tests administered at the Butner Facility were consistently
8    poor. In fact, they are very consistent with test results obtained by Dr. Parrish. Drs. Lucking
9    and Gourley conclude, however, that Mr. Dodds is malingering. They base this conclusion
10   on his interaction with family and friends, which appears far more sophisticated than his
11   interaction with them; on written communication skills demonstrated before his arrest, as
12   contrasted to those demonstrated during his testing; and on previous conclusions by other
13   healthcare professionals that Mr. Dodds was feigning a mental disorder. Although Drs.
14   Lucking and Gourley recognize that the alleged malingering would interfere with the validity
15   of the tests they performed on Mr. Dodds and that the test results therefore are not reliable,
16   they conclude that the sophistication of his malingering efforts belies a competency to
17   understand his legal situation and to manipulate the system. They opine he is competent to
18   stand trial.

19       Dr. Parrish addressed the conclusions reached by Drs. Lucking and Gourley. She
20   noted that Mr. Dodds' test performance is consistent between their results and hers. She
21   opines in the March 14, 2006 letter that "[i]t is practically impossible to fake impairment at
22   the same level across 42 different scores." She also concludes that a quantitative analysis of
23   Mr. Dodds' performance across 42 indices of the Halstead-Reitan Neuropsychological Test
24   Battery demonstrates a greater similarity to the performance of genuinely head-injured
25   subjects than to the performance of malingering subjects. These consistencies, as well as Mr.
26   Dodds' performance on Dr. Parrish's fixed battery of tests, convinces her that Mr. Dodds is
27   genuinely mentally impaired.

28

1    Dr. Parrish agreed that an interview with Mr. Dodds might lead one to conclude that

2    he is malingering.  He speaks extremely slowly and in a child-like manner.  She also noted,

3    however, that his seemingly more sophisticated level of communication with his mother and

4    others familiar to him might be attributable to familiarity and communication patterns

5    developed over time.  She acknowledged that healthcare professionals in addition to Drs.

6    Lucking and Gourley have concluded that Mr. Dodds is malingering.  She was of the

7    opinion, nonetheless, that Mr. Dodds' consistently poor performance on a wide range of tests

8    indicates true mental impairment.  She also opined that Mr. Dodds' performance on her tests

9    reflect honest effort on his part.

10    Thus, the Court is confronted with conflicting opinions from qualified medical

11    professionals.  The Court finds the report of Drs. Lucking and Gourley to be thorough and

12    well-written.  The Court also finds the testimony of Dr. Parrish to be credible.  On balance,

13    the Court concludes that the preponderance of the evidence favors Dr. Parrish's opinion.  The

14    Court is persuaded by Dr. Parrish's testimony that Mr. Dodds' consistently low scores on a

15    wide range of mental competency tests, administered by different doctors, reflects a genuine

16    mental impairment.  The Court accepts her opinion that such a performance would be almost

17    impossible to fake.  Therefore, although this is a close case, the Court concludes by a

18    preponderance of the evidence that Mr. Dodds "is unable to understand the nature and

19    consequences of the proceedings against him and to assist properly in his defense."  18

20    U.S.C. § 4241(d).  The government has failed to satisfy its burden of proving Mr. Dodds'

21    competency to stand trial.

22    **III.    CONCLUSION**.

23    Given the Court's finding that Mr. Dodds is not competent to stand trial, the normal

24    course under the statute would be for the Court to commit Mr. Dodds to the custody of the

25    Attorney General for hospitalization and treatment.  18 U.S.C. § 4241(d).  Given that Mr.

26    Dodds has already been hospitalized and treated at the Butner Facility and that Dr. Parrish

27    has opined that Mr. Dodds will not recover from the mental deficits caused by his head

28    injury, the Court is not certain that such commitment is the right course in this case.  It is

possible that this case must now be handled under the provisions of 18 U.S.C. § 4246.  The Court will schedule a hearing at which counsel are requested to address this issue.  The hearing shall be held on April 17, 2006, at 3:00 p.m.

DATED this 24th day of March, 2006.


_____
David G. Campbell
United States District Judge